NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BOARD OF TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN,** | Civil Action No. 12-4322 (AET) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| **BERNARD MCLAUGHLIN.** | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Defendant Bernard McLaughlin's ("Defendants") motion for leave to file a counterclaim seeking an order compelling Plaintiff Board of Trustees of the National Elevator Industry Health Benefit Plan ("Plaintiff") to pay medical expenses incurred by Defendant or his family, and additionally for an order preventing Plaintiff from withholding payment of benefits for future medical expenses [Docket Entry No. 8]. Plaintiff opposes Defendant's motion [Docket Entry No. 11]. The Court has fully reviewed the papers submitted in support of and in opposition to Defendant's motion. The Court considers Defendant's motion without oral argument pursuant to L.CIV.R. 78.1(b). For the reasons set forth below, Defendant's motion is GRANTED.

**I.    Background and Procedural History**

The Employee Retirement Income Security Act of 1974 is a federal law that sets minimum

standards for pension plans on private companies who establish same. 29 U.S.C.S. § 1001 *et seq*. (LexisNexis 2012). Here, Plaintiff administers a self-funded ERISA welfare benefit Plan (the "Plan"). Plaintiff has sued Defendant, a participant in the Plan, to recover money which Plaintiff paid to Defendant for medical expenses Defendant incurred as a result of injuries sustained in an ATV (All-Terrain Vehicle) rollover accident in 2009. (*Compl*. at ¶¶9-10). Defendant brought a suit against the manufacturer of the ATV which ultimately reached a settlement agreement in December 2011. (*Id.* at ¶¶13-15). Plaintiff sought reimbursement of the medical expenses out of the settlement proceeds, but Defendant refused on the basis that medical expenses were not included as an element for damages in that action. (*Id.* at ¶16). Plaintiff subsequently filed the instant suit on July 12, 2012. In April of 2013, Defendant was informed by Plaintiff's claims representative that Defendant's claims for medical expenses submitted by him and his family were being denied due to Defendant's refusal to reimburse Plaintiff. (*Certification of Steven L. Kessel, Esq.* at ¶6). Plaintiff's justification was that it was offsetting future benefits against money that it claimed Defendant owed to it from the settlement agreement in the personal injury action. (*Id.*) Defendant now seeks to file a permissive counterclaim pursuant to FED.R.CIV.P. 13(e) to both compel Plaintiff to pay medical expenses incurred by Defendant or his family and to prevent Plaintiff from withholding payment of benefits on behalf of Defendant or his family. (*Id., generally*).

     Defendant brings this motion pursuant to Rule 13(e) to file a permissive counterclaim for an issue that materialized subsequent to the filing of the answer but which arises out of the same transaction and involves the same legal issues. (*Defendant's Brief in Support* at 1; Docket Entry No. 8-4). Defendant anticipates Plaintiff will argue that Defendant should exhaust administrative

remedies through the Plan's review process before seeking a legal remedy, and responds with two arguments. (*Id.* at 3). First, Defendant asserts the procedure described in the Summary Plan Description does not apply to the issues raised in this case. (*Id.* at 3). Defendant cites to the Plan which states a plan participant "*may* request the Board of Trustees to review the benefit denial." (*Id.*) (emphasis in the original). Defendant argues this language shows that the appeals process is optional, and therefore submits that it is not necessary for Defendant to have his claims reviewed before he can seek judicial action. (*Id.*) Second, Defendant notes that the Plan states that a plan participant need not make "legal" arguments. (*Id.*) Thus, Defendant asserts the appeals process was not designed to address the problem at issue here and, as such, Plaintiff cannot insist Defendant should exhaust administrative remedies. (*Id.* at 3-4).

Second, Defendant asserts the Third Circuit does not require that administrative remedies be exhausted if the court's review of Plaintiff's denial is plenary and does not involve deference to Plaintiff's discretion in its decision. (*Id.* at 4, citing to *Metropolitan Life Ins. Co. v. Price*, 501 F.3d 271, 282 (3d Cir. 2007)). Nevertheless, even if Plaintiff's discretion is implicated, Defendant argues the Third Circuit follows the futility rule to determine whether an exhaustion of administrative remedies is a condition precedent to file legal action against Plaintiff. (*Id.*) Defendant cites to *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 250 (3d Cir. 2002):

> Whether to excuse exhaustion on futility grounds rests upon weighing several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile. Of course, all factors may not weigh equally.

(*Id.* at 4-5). Defendant asserts he acted reasonably in seeking judicial review because Plaintiff's appeals process is optional and not required by the Plan. (*Id.* at 5). Additionally, Defendant

3

argues that, under the entire controversy doctrine, it is in interest of judicial economy that the issues raised in the counterclaim be addressed contemporaneously with the issues in the Complaint. (*Id.*)   Lastly, Defendant asserts that an administrative appeal is not likely to differ from the position Plaintiff has already taken in this lawsuit. (*Id.*)

Plaintiff opposes Defendant's motion and principally asserts Defendant's motion should be denied as Defendant has failed to exhaust administrative remedies. (*Plaintiff's Brief in Opposition* at 3; Docket Entry No. 11).   Plaintiff asserts the Plan's documents contain a recovery provision which allows claimants to recover benefits the Plan advances to those who are injured by third parties. (*Id.* at 2).   Plaintiff submits that the Plan gives Plaintiff the "right to treat any benefits provided as an advance and to deduct such amounts from future benefits to which the covered person . . . may otherwise be entitled" until the amount due has been paid. (*Id.*)   Further, Plaintiff states that for plan participants whose benefits are withheld, there is an appeal process laid out by the Plan. (*Id.*)   Plaintiff argues that the Plan's claims and appeals procedures have been implemented to comply with ERISA and the detailed requirements of Department of Labor regulations. (*Id.*, referencing ERISA § 503, 29 U.S.C. § 1133)).

Plaintiff argues that current law applicable to ERISA welfare benefits plans in the Third Circuit make it clear that "[e]xcept in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." (*Id.* at 3 (citing *Harrow*, 279 F.3d at 249, *supra*).   Plaintiff contends that the Plan provides that any denial of a claim for benefits can be appealed through the applicable provision which states "[i]f your claim for group health benefits is denied, in whole or in part, you may request the Board of Trustees to review the benefit denial." (*Id.*)   Plaintiff argues that the "clear import" of this

4

sentence is that a participant can appeal a denial if he so chooses, rather than Defendant's contention that the claimant can choose the appeal process or litigation. (*Id.*)  Plaintiff argues there is nothing in *Harrow* which requires a claimant to pursue a mandatory remedy in the event of an adverse decision. (*Id.*)

In addition, Plaintiff asserts that the limited exception to the requirement of exhausting administrative remedies, futility, is not present in this case.  Plaintiff notes that there must be a clear and positive showing of futility and argues that Defendant has made no such showing. (*Id.* at 6-7).  Specifically, Plaintiff argues Defendant has not shown that Plaintiff has a policy of always upholding benefit denials. (*Id.*)  Given that discovery is not completed, Plaintiff argues that Defendant still has sufficient time to exhaust administrative remedies and then file a counterclaim if the appeal decision does not go in Defendant's favor. (*Id.* at 7).

## II. Analysis

### a. Legal Standard

According to FED.R.CIV.P. 15(a), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*.  However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

FED.R.CIV.P. 15(d) states "[o]n motion and reasonable notice, the court may, on just

terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Courts in the Third Circuit have found "the differences in the wording of Rule 15(a) and (d) are semantic only, and generally courts "apply the Rule 15(a) standard to Rule 15(d) motions and liberally grant leave to supplement." *Hankin Family P'ship v. Upper Merion Twp.*, No. 01-1622, 2012 U.S. Dist. LEXIS 1467 at *29-30 (E.D.Pa. Jan. 6, 2012) (citing *CMR D.N. Corp. v. City of Philadelphia*, No. 07-1045, 2011 U.S. Dist. LEXIS 25387, at *12 (E.D. Pa. Mar. 10, 2011); *Tormasi v. Hayman*, No. 09-2330, 2010 U.S. Dist. LEXIS 45922, at *5 (D.N.J. May 7, 2010); *Medeva Pharma Ltd. v. Am. Home Prods. Corp.*, 201 F.R.D. 103, 104 (D. Del. 2001); *Epstein v. Whitehall*, No. 88-0534, 1989 U.S. Dist. LEXIS 7436, at *4 (E.D. Pa. June 29, 1989). The standard in this Circuit under Rule 15(a) and (d) is the same in that leave to amend "should be freely given unless the Court finds that the moving party acted with (i) undue delay, (ii) bad faith, or (iii) dilatory motive; or (iv) the amendment is futile." *Id.* at 30.

FED.R.CIV.P. 13(e) states "[t]he court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading." Courts have found that "Rule 13(e) is to be read in conjunction with Rule 15(d), which governs the filing of supplemental pleadings." *Masimo Corp. v. Philips Elecs.*, *N. Am. Corp.*, No. 09-80-JJF-MPT, 2010 U.S. Dist. LEXIS 38518, at 4* (D. Del. Apr. 20, 2010) (Mem. Order). Thus, the standard for Rule 15(a) is the same for Rule 13(e). *See id.*; *see also Hankin Family P'ship v. Upper Merion Twp.*, No. 01-1622, 2012 U.S. Dist. LEXIS 1467 at 29-30* (E.D.Pa. Jan. 6, 2012).

A motion to amend or a motion to file a supplemental pleading is properly denied where the proposed amendment or pleading is futile. *See id.* An amendment is futile if it "is frivolous or

6

advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).   To determine whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).   When considering whether a pleading would survive a Rule 12(b)(6) motion, the Court must accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them. *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004).   "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the [party] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).   In other words, the facts alleged must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. In addition, although the Court must, in assessing a motion to dismiss, view the factual allegations contained in the pleading at issue as

true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

### b. Discussion

Through his motion for leave to file a counter claim pursuant to Rule 13(e), Defendant principally seeks to compel Plaintiff to pay medical expenses incurred by Defendant or his family and to prevent Plaintiff from withholding payment of benefits on behalf of Defendant or his family. The Court will evaluate whether Defendant's motion is futile.

### i. Futility of Amendment

At first blush, it appears Defendant's motion for leave to file a counterclaim pursuant to Rule 13(e) is futile as a party normally may not seek a judicial remedy until it first exhausts all administrative remedies. *See Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002). "Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Id.* In *Harrow*, under the plan there was an appeals process for resolving grievances that arose under the plan, and there was no evidence that the plaintiff initiated an action under that process. *Id.* at 247-48. The plan stated "[i]f an appeal is desired, the complainant will be advised to formally request, in writing, the convening of the Second Level of Grievance Review Committee . . ." *Id.* The court found the plaintiff failed to exhaust administrative remedies and his ERISA claims were dismissed. *Id.* at 252.

Here, it is undisputed that Defendant has failed to exhaust the administrative remedies available to him under the Plan. The Plan states "[i]f your claim for group health benefits is

denied, in whole or in part, you *may* request the Board of Trustees to review the benefit denial." (*See Def. Br. Supp.* at 3)(emphasis added). The Court agrees with Plaintiff that this language does not create a choice of litigation *or* administrative appeal, but instead gives a claimant the right to appeal, if he or she so chooses. Indeed, the Plan is worded similarly to the one in *Harrow* in that an appeal is not made mandatory under both plans. *Harrow,* 279 F.3d at 247-48. As such, Defendant is required to exhaust his administrative remedies before bringing a claim pursuant to ERISA.

It is worth noting, however, that the purpose of requiring plaintiffs to exhaust all administrative remedies is "to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned." *Id.* at 249, citing *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980). Here, the claimant is not the plaintiff and therefore, none of these policy concerns are triggered by Defendant's proposed counterclaim being joined to this already-existing litigation. The presence or absence of Defendant's counterclaim is nondispositive of the underlying litigation and, as such, does nothing to mitigate its existence. In this regard, this Court questions whether defendants seeking to bring ERISA claims concerning the same plan which has already been implicated by an insurance company plaintiff are constrained to abide by the same exhaustion requirement. Indeed, *Harrow* states that "a federal court will not entertain an ERISA claim unless the *plaintiff* has exhausted the remedies available under the plan." *Id., supra* (emphasis added). However, in the absence of meaningful guidance from the Third Circuit on this question, the Court shall find that any *party* seeking to bring a claim pursuant to ERISA must exhaust its administrative remedies, unless such exhaustion

is futile. Therefore, the Court's inquiry shall turn to whether Defendant is excused in this matter from exhausting the administrative remedies available to him.

### ii. Futility of Administrative Appeal

The Third Circuit has outlined an exception to allow a party to bring judicial action even when administrative remedies have not been exhausted. *See Id.* at 249. A plaintiff need not exhaust administrative remedies under ERISA if the plaintiff makes a "clear and positive showing" that it would be futile to do so. *Id.* The court weighs the following factors to determine whether exhausting administrative remedies would be futile:

> (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile. Of course, all factors may not weigh equally.

*Id.* at 250.

As noted above, Defendant did not institute this action, but instead, is here because Plaintiff seeks reimbursement from Defendant's settlement proceeds. As such, the Court notes at the threshold that the above factors do not necessarily make sense in the context of a defendant counterclaiming under ERISA. Nevertheless, the Court shall address same herein. Defendant's interest in receiving continuing medical benefits only materialized in April 2013 when he was informed that such benefits were being withheld; nine months after Plaintiff commenced the instant action. In this regard, the Court finds that Defendant was justified in not immediately seeking administrative relief and indeed, acted reasonably in seeking judicial review, as this litigation concerning the same Plan in question was already pending. Furthermore, although no plan administrators have directly testified that an

appeal would have been futile, the Court finds that Plaintiff's position in this case has communicated that reality indirectly. It is Plaintiff's position that it is entitled to reimbursement and that until such monies are paid by Defendant, Plaintiff has the right to withhold future medical benefits. If, *arguendo*, Plaintiff were to reverse its decision regarding the withholding of benefits, such an action would severely undermine its position that it is entitled to reimbursement. Indeed, Plaintiff states that it "agrees with Defendant that the decision on an appeal of the benefit denial would be intertwined with the ultimate decision in this lawsuit…[h]owever, this presupposes that the administrative appeal has occurred." (*Plaintiff's Brief in Opposition* at 6). The Court finds that this reduces Plaintiff's argument to nothing more than the formality of filing an administrative appeal. As noted above, such a formality has already been questioned by the Court as it furthers none of the policy concerns set forth by ERISA when viewed in this particular context. Therefore, the Court finds that this case is likely one of the "limited circumstances" as alluded to by the court in *Harrow*. *Harrow,* at 249. As such, the Court finds that Defendant has made a "clear and positive showing of futility" to allow the Court to excuse Defendant from failing to exhaust administrative remedies.

### III. Conclusion

For the reasons set forth above, Defendant's motion to file a counterclaim is GRANTED. An appropriate Order follows.

Dated: September 6, 2013

s/Tonianne J. Bongiovanni  
**HONORABLE TONIANNE J. BONGIOVANNI**  
**UNITED STATES MAGISTRATE JUDGE**