UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Board of Trustees of the National Elevator Industry Health Benefit Plan,<br><br>Plaintiff,<br><br>v.<br><br>Bernard McLaughlin,<br><br>Defendant. | Civ. No. 12-4322<br><br>OPINION |

THOMPSON, U.S.D.J.

This matter comes before the Court on Plaintiff Board of Trustees of the National Elevator Industry Health Benefit Plan's motion for summary judgment, (Doc. No. 20), and Defendant Bernard McLaughlin's counterclaim and motion for summary judgment, (Doc. No. 22). The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, the Court grants Plaintiff's motion for summary judgment and denies Defendant's motion.

DISCUSSION

Defendant's ERISA Plan seeks reimbursement for money paid toward Defendant's medical expenses. (Doc. No. 1, 1). Plaintiff is the named fiduciary and administrator of the National Elevator Industry Health Benefit Plan (the "Plan"), as defined in sections 402(a) and 3(16)(A) of the Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1102(a) and § 1002(16)(A). Defendant was a participant in the Plan. (Doc. No. 1, 2).

1

On January 10, 2009, Defendant was injured in a motor vehicle accident. (Doc. No. 1, 1). Defendant asserted a liability claim against a third party for his injuries. (Doc. No. 1, 2). The third party settled with Defendant. (Doc. No. 1, 2).

A portion of Defendant's medical bills were paid by the Plan. (Doc. No. 1, 2). The Plan required Defendant to reimburse the Plan if Defendant received money from any proceeding related to the injury, "regardless of how the proceeds are characterized." (Doc. No. 1). The Plan states:

> [a]cceptance of benefits from the Plan for an injury or illness by a covered person [. . .] constitutes an agreement that any amounts recovered from another party by award, judgment, settlement or otherwise, and regardless of how the proceeds are characterized, will promptly be applied first to reimburse the Plan in full for benefits advanced by the Plan due to the injury or illness and without reduction for attorney's fees, costs, expenses or damages claimed by the covered person, and regardless of whether the covered person is made whole or recovers only parts of his/her damages.

(Doc. No. 1). Based on this language, Plaintiff contends that Defendant must reimburse Plaintiff for the money advanced for medical bills from the settlement proceeds. (Doc. No. 1). However, Defendant claims that he did not ask for or receive money for medical bills in the settlement and, therefore, is under no obligation to reimburse Plaintiff. (Doc. No. 22, 8).

Defendant has also counterclaimed pursuant to 29 U.S.C. § 1132 ((a)(1)(B)) for a declaration that his right to benefits is unaffected by this failure to reimburse the Plan and has moved for summary judgment on that count. (Doc. No. 22).

1. *Legal Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The Court must construe all facts and inferences in the light most favorable

to the nonmoving party. *Boyle v. City of Allegheny Pennsylvania*, 139 F.3d 386, 393 (3d Cir. 1998). The nonmoving party must come forward with specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (citations omitted). "A factual dispute is 'genuine' and . . . warrants trial 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011) (citations omitted).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). If a civil defendant moves for summary judgment on the basis that plaintiff has failed to establish a material fact, the judge must inquire not as to "whether [s]he thinks the evidence unmistakably favors one side or the other but[,] whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.* at 252. A mere "scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

   *2. Analysis*

The Court must determine three main issues: 1) whether Plaintiff may bring the present action; 2) whether the Court should enforce the terms of the Other Party Liability Claims provision of the Plan; and 3) whether Defendant may assert the affirmative defense of laches.

   **a. Can Plaintiff Bring the Present Action?**

The threshold question in this case is whether Plaintiff can bring the present action. A fiduciary may bring a civil action under § 502(a)(3) of ERISA in the following circumstances:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan; or
> (B) to obtain other appropriate equitable relief;

(i) to redress such violations; or

(ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). When a fiduciary seeks to obtain equitable relief to enforce the terms of the plan, suit is only authorized under "those categories of relief that were *typically* available in equity." *Mertens v. Hewitt Associates,* 508 U.S. 248, 256 (1993). Plaintiff is a fiduciary under ERISA and Plaintiff's suit is to enforce the terms of the "Other Party Liability Claims" provision in the Plan. Thus, the only question remaining is whether the relief requested is "equitable" under § 502(a)(3)(B). *See Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 361 (2006).

An equitable lien by agreement constitutes equitable relief authorized by § 502(a)(3) of ERISA. *Sereboff*, 547 U.S. at 368-69. To qualify as an equitable lien by agreement, the contract must: 1) identify a particular fund distinct from the defendant's general assets; and 2) identify a particular share of the fund to which it is entitled. *Id.*; *see also U.S. Airways, Inc. v. McCutchen*, 133 S.Ct. 1537, 1544 (2013) ("a contract to convey a specific object not yet acquired creates a lien on that object as soon as the contractor gets a title to the thing") (internal citations omitted).

Here, Defendant claims that the settlement lacks a sufficient nexus to the medical bills to satisfy this test.[1] However, this case is analogous to *Sereboff*, in which the Court found that a plan seeking reimbursement for medical expenses under a similar agreement "properly sought 'equitable relief' under §502(a)(3)." *Sereboff*, 547 U.S. at 369. Even though the settlement in that case did not specifically identify money for medical bills, the plaintiff's action was an action

---

[1] While Defendant cites the Supreme Court's decision in *Knudson*, in which the Court found that a plan was not entitled to bring its claim for reimbursement, this case is much different. *See Great-West Life & Annuity Insurance Co, et al. v. Knudson*, 534 U.S. 204 (2002). In *Knudson*, the Court examined an equitable lien imposed by restitution, whereas the present case deals with an equitable lien by agreement. *Id.* at 211. The Supreme Court has noted that "an equitable lien sought as a matter of restitution and an equitable lien 'by agreement' . . . [are] different species of relief." *Sereboff*, 547 U.S. at 364.

4

for equitable relief because the claim specifically identified the portion of the settlement to which the plan was entitled. *Id*. Similarly, the Plan in this case identifies "any amounts recovered from a third party by award, settlement, judgment or otherwise" as a particular fund distinct from Defendant's general assets. The Plan also specifically calls for the amount necessary to "reimburse the Plan in full for benefits advanced," a particular share of the fund to which the Plan is entitled.[2] Accordingly, the Court finds that Plaintiff can bring the present action under § 502(a)(3) of ERISA.

### b. Enforceability of Other Party Liability Claims Provision

After finding that Plaintiff can bring the present action, the Court now turns to the enforcement of the Other Party Liability Claims provision.

Defendant argues that the New Jersey Collateral Source Statute, N.J.S.A. 2A: 15-97, prohibited him from claiming medical expenses in his state court action. Since Defendant did not claim medical expenses and believed that New Jersey law prevented Defendant from recovering medical expenses in the suit, Defendant argues that he should not be required to reimburse Plaintiff.[3] The Court disagrees and finds that the "Other Party Liability Claims" provision should be enforced for two reasons: 1) ERISA preempted the Collateral Source Statute in this circumstance; and 2) the "Other Party Liability Claims" provision constituted an equitable lien by agreement and is enforceable regardless of the operation of the Collateral Source Statute in the state court proceeding.

---

[2] Defendant also claims that, since he has already spent the settlement proceeds, the lien is no longer enforceable. However, in *Funk v. CIGNA Group Ins.*, 648 F.3d 182, 194 FN 14 (3d. Cir. 2011), the Third Circuit rejected such an argument and held that "contrary to the Court's discussion in *Knudson*, the defendant need not possess the property at the time relief is sought for the relief to be equitable – any post agreement possession will suffice."

[3] Defendant also argues that Defendant's attorney had no duty to the Plan and had no duty to request reimbursement for medical expenses. The Court finds this argument unpersuasive.

5

> i. *Preemption of the Collateral Source Statute*

"Generally, a state law that 'relates to' an ERISA-governed plan is preempted by ERISA." *Levine v. United Healthcare Corp.*, 402 F.3d 156, 164 (3d Cir. 2005); *see also* 29 U.S.C. § 1144(a) (ERISA's regulatory structure "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan [subject to ERISA].") (emphasis added). Whether an issue is preempted by ERISA hinges on whether it "relates to" an employee benefit plan. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987). A claim "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 98 (1983). "Congress used th[e] words [relate to] in their broad sense, rejecting more limited pre-emption language that would have made the clause applicable only to state laws relating to specific subjects covered by ERISA." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990) (citations omitted).

Here, the Collateral Source Statute is a law of general application that requires "a plaintiff who receives benefits from any source other than a joint tortfeasor to deduct that amount from his or her recovery in any civil action." *Levine v. United Healthcare Corp.*, 402 F.3d 156, 164 (3d Cir. 2005). On the other hand, the Plan requires Defendant to reimburse Plaintiff for medical expenses from the settlement proceeds, regardless of how the proceeds are characterized. Since the Collateral Source Statute is preempted to the extent it relates to the Plan and the Plan specifically requires reimbursement for medical expenses from the proceeds of any suit related to the injury, the Plan's terms govern.

> ii. *Enforceability of the Terms of the "Other Party Liability Claims" Provision*

The Collateral Source Statute is not only preempted by ERISA, but Plaintiff is also seeking to enforce the modern day equivalent of an "equitable lien by agreement." *See U.S.*

*Airways, Inc. v. McCutchen*, 133 S. Ct. 1537, 1544-45 (2013).  An equitable lien by agreement "both arises from and serves to carry out a contract's provisions."  *Sereboff*, 547 U.S. at 363-64.  "[E]nforcing the lien means holding the parties to their mutual promises."  *McCutchen*, 133 S. Ct. at 1546.  "Even in equity, when a party sought to enforce an equitable lien by agreement, all provisions of that agreement controlled."  *Id*. at 1549.  Therefore, principles, such as unjust enrichment or collateral source, are "beside the point" when parties demand what they bargained for in a valid agreement.  *Id.* at 1546.  This holding is consistent with "ERISA's focus on what a plan provides."  *Id.* at 1548.  Courts construe ERISA plans, as they do other contracts, by "'looking to the terms of the plan' as well as to 'other manifestations of the parties' intent."  *Id*. at 1549; *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 113 (1989).

Here, the Parties agreed that if Defendant accepted benefits from the Plan he would reimburse the Plan with the proceeds of settlements related to the injury. The contractual language specifically states that money for medical expenses must be reimbursed "regardless of how the proceeds are characterized."  Therefore, the parties agreed that Defendant would reimburse Plaintiff even if the settlement did not include money for medical bills.  Since the Plan's language is clear and the agreement controls, Defendant must reimburse Plaintiff from the settlement.

    c.  **Laches Defense**

Before finding that Plaintiff prevails, the Court turns to Defendant's affirmative defenses.  Defendant asserts an affirmative defense of laches to bar the enforcement of the equitable lien by agreement.  To assert a laches claim, a defendant must show: (1) inexcusable delay by the plaintiff in pursuing the claim; and (2) prejudice to the defendant as a result of delay.  *Tracinda Corp. v. Daimler-Chrysler AG*, 502 F.3d 212, 226 (3d Cir. 2007).

7

Here, Defendant argues that Plaintiff waited until after Defendant settled his liability claim to seek enforcement of its equitable lien by agreement. However, the Court in *Sereboff* noted that an equitable lien by agreement allows health plans to "follow a portion of the recovery into the [defendant's] hands as soon as the [settlement fund] was identified." *Sereboff*, 547 U.S. at 364. The fund was not identified until after the settlement. Additionally, Defendant was not prejudiced due to the fact that the lawsuit was filed after the settlement; the Plan itself provided Defendant notice of Plaintiff's potential claim to settlement funds. Thus, the affirmative defense of laches fails.

### d. Counterclaim

Finally, Defendant has counterclaimed pursuant to 29 U.S.C. §1132 (a)(1)(B) for a declaration that his benefits are unaffected by this failure to reimburse on the grounds that he does not owe the Plan any money. Defendant has moved for summary judgment on that count. (Doc. No. 22). For the reasons discussed above, Defendant does owe the Plan and, therefore, cannot prevail on this claim.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and judgment is entered in favor of Plaintiff.

*Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Date: 1/21/14