UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NATIONAL ELEVATOR INDUSTRY HEALTH BENEFIT PLAN,<br><br>Plaintiff,<br><br>v.<br><br>BERNARD MCLAUGHLIN,<br><br>Defendant. | Civ. No. 12-4322<br><br>OPINION<br><br>RECEIVED<br>DEC 2 0 2017<br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter is before the Court upon the Motion for Relief from a Judgment by Defendant Bernard McLaughlin ("Defendant"). (ECF No. 48.) Plaintiff Board of Trustees of the National Elevator Industry Health Benefit Plan ("Plaintiff") opposes. (ECF No. 49.) The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, Defendant's Motion is denied.

## BACKGROUND

Defendant is a participant in Plaintiff's National Elevator Industry Health Benefit Plan ("the Plan"), a self-funded ERISA-governed welfare benefit plan. (Op. at 1, ECF No. 42.) Defendant was injured in an accident in January 2009, causing the Plan to advance $47,590.24 in medical benefits on his behalf. (*Id.*) Defendant filed personal injury claims related to the accident and received a settlement. (*Id.*) The Plan filed a lawsuit in July 2012 against

1

Defendant, seeking to recover the money advanced in medical benefits on his behalf, on the basis that Defendant's agreement required him to reimburse the Plan for any advanced benefits. (*Id.* at 2; Compl., ECF No. 1.)

The Court awarded summary judgment in Plaintiff's favor on January 24, 2014, finding that the agreement gave rise to an equitable lien by agreement. (ECF No. 25.) The Third Circuit affirmed. *See Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan v. McLaughlin*, 590 F. App'x 154 (3d Cir. 2014). The United States Supreme Court denied Defendant's petition for certiorari on that decision on February 23, 2015. On December 18, 2015, Plaintiff moved for judgment as a matter of law, seeking a sum certain lien against Defendant for the unpaid medical bills, on the basis of the summary judgment opinion. (ECF No. 31.) On December 21, 2015, the Court approved the proposed judgment for a sum of $45,347.89 (ECF No. 32), and later that day Defendant moved to vacate the judgment (ECF No. 33).

While that motion was pending, on January 20, 2016, the Supreme Court issued its opinion in *Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651 (2016). (Op. at 3, ECF No. 42.) *Montanile* held that a plan fiduciary may not enforce a lien against general assets because it is not "appropriate equitable relief" under ERISA § 502(a)(3). 136 S. Ct. at 655. Only an equitable lien by agreement against specifically identified funds that remain in the defendant's possession or against traceable items that the defendant purchased with the funds is permissible. *See id.* at 658–59. On February 17, 2016, this Court denied Defendant's Motion to Vacate the Court's December 21, 2015 Judgment, and Defendant immediately appealed. (ECF Nos. 43, 44.)

The Third Circuit issued its opinion on this appeal on January 6, 2017, affirming the Court's denial of the motion to vacate on the grounds that the intervening law of *Montanile* did

2

not justify relief from judgment under Federal Rule of Civil Procedure 60(b)(6). *Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan v. McLaughlin*, 674 F. App'x 189, 192 (3d Cir. 2017). The Third Circuit also affirmed on the basis of Plaintiff's argument that the order was simply the monetization of a lien that did not contradict ERISA limitations. *Id.* The Court received its mandate a month later on February 6, 2017. (ECF No. 47.)

On August 2, 2017, Plaintiff docketed the Court's December 21, 2015 order monetizing the lien in the Superior Court of New Jersey, Monmouth County. (Notice to Judgment Debtor, Ex. 3, ECF No. 48-3.) Pursuant to that docketing, Defendant moved to vacate the order of judgment, also styled as a Motion for Relief from a Judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) and Federal Rule of Civil Procedure 60(b)(5). (ECF No. 48.) Plaintiff filed late opposition to Defendant's Motion on November 27, 2017 (ECF No. 49), and on that same day, Defendant replied (ECF No. 50). The Court wrote to the parties indicating its intent to consider Plaintiff's late-filed brief and granting Defendant leave to re-file a responsive brief by December 4, 2017. (ECF No. 51.) Defendant declined to do so. This Motion is presently before the Court.

## **LEGAL STANDARD**

Rule 60(b) enables a party to seek relief from a final judgment based on a limited set of six grounds. *In re Bressman*, 874 F.3d 142, 148 (3d Cir. 2017); *see also Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). All motions made under Rule 60(b) must be made within a reasonable time of the entry of the order, judgment, or respective proceeding that the motion challenges. Fed. R. Civ. P. 60(c)(1). Motions under Rule 60(b)(1)–(3) are subject to an additional requirement that the motion must be made no more than one year after the judgment or order at issue is entered or following the respective proceeding. *Id.*; *see In re Bressman*, 874

F.3d at 149 (noting that motions based on fraud or misconduct are subject to a one-year cap or period of limitations); *Hibbert v. Bellmawr Park Mut. Housing Corp.*, 2016 WL 3900764, at *3 (D.N.J. July 18, 2016) (finding untimely a Rule 60(b)(3) motion filed one year and seven months after entry of judgment without any explanation as to why plaintiff filed late). Notably, "[a]n appeal does not toll this time period." *Lusick v. Lawrence*, 439 F. App'x 97, 99 (3d Cir. 2011) (citing *Moolenaar v. Gov't of the V.I.*, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987)).

Rule 60(b) motions are "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Gochin v. Thomas Jefferson Univ.*, 667 F. App'x 365, 366 (3d Cir. 2016) (per curiam) (quoting *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991)). It is within the trial court's sound discretion to grant or deny a motion to vacate judgment. *See Gochin*, 667 F. App'x at 367 ("We review the denial of a Rule 60(b) motion for abuse of discretion.").

## DISCUSSION

Defendant seeks relief based on two specific grounds: first, Plaintiff's alleged misconduct in filing the Court's judgment lien in New Jersey state court under Rule 60(b)(3), and second, the fact that the judgment lien has been satisfied through Defendant's employer's continued contributions to the Plan under Rule 60(b)(5).

### I.  Relief Under Federal Rule of Civil Procedure 60(b)(3)

First, Defendant argues that Plaintiff committed misconduct under Rule 60(b)(3) by violating Supreme Court precedent in *Montanile* and the Third Circuit's decision in this case. Rule 60(b)(3) grants relief for "fraud . . . misrepresentations, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). It is a rigorous standard, *Neal Asta Funding, Inc. v. Neal*, 2017 WL 3168983, at *1 (D.N.J. July 26, 2017), under which "the movant must establish that the

4

adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case," *Stridiron v. Stridiron*, 698 F.2d 204, 206 (3d Cir. 1983); *see Gochin*, 667 F. App'x at 366.

Defendant describes the docketing of this Court's December 21, 2015 Order for $45,347.89 in New Jersey state court as a "misrepresent[ation] to the Clerk of the Superior Court that it was a money judgment, contrary to the Third Circuit's instructions." (Def.'s Mot. Vacate at 5–6, ECF No. 48-1.) Specifically, Defendant argues that by operation of N.J.S.A. 2A:16-11 and 2A:16-18, which only allow for docketing of an order to pay money, "[Plaintiff] necessarily had to represent, if only implicitly, that the lien was a money judgment." (Def.'s Mot. Vacate at 8–9.) The Court is not persuaded that this meets the standard required under Rule 60(b)(3). It is true that the Supreme Court has held that specific money judgments are not appropriate or enforceable under ERISA, and in the appeal of this case, the Third Circuit held that the Court's judgment simply monetized a lien-by-agreement, not a money judgment that would contradict *Montanile*. *McLaughlin*, 674 F. App'x at 192. Even assuming *arguendo* that Plaintiff's conduct is a misrepresentation of the effect of this Court's judgment-lien,[1] Defendant Movant has not met the high burden required to seek relief from fraud, misrepresentation, or misconduct under Rule

---

[1] The New Jersey statute to which Defendant refers provides:

> Every judgment, or order for the payment of money, entered in the Superior Court, Chancery Division, from the time of its entry upon the civil judgment and order docket, and every decree or order for the payment of money, of the former court of chancery, from the time it was signed, shall have the force, operation and effect of a judgment of the Superior Court, Law Division, and execution may issue thereon as in other cases.

N.J.S.A. 2A:16-18. The other statute Defendant cites, N.J.S.A. 46:2A-2 notes that liens affecting real property are "entitled to recording." The Court does not delve into the merits of Defendant's claim and the effect of these statutes on the judgment-lien because Defendant fails to meet the standard required by the Federal Rules.

5

60(b)(3). Plaintiff's docketing of this Order has not in any way deprived Defendant of the full or fair representation of his case.

Regardless of whether Defendant's argument has merit under Rule 60(b)(3), it is patently untimely. Defendant has presented this Motion to the Court and styled it as a prayer for relief from the Court's December 21, 2015 Order. (*See* Def.'s Notice of Mot. at 1, ECF No. 48 (moving for an order "granting relief from the Judgment executed by the Hon. Anne E. Thompson, USDJ on December 21, 2015 for being the subject of misconduct for and pursuant to F.R.Cv.P 60(b)(5) for being satisfied").) Therefore, Defendant's attempt in his reply to define the August 2, 2017 docketing of the order with the Superior Court as the "proceeding" at issue is inapposite. (Def.'s Reply at 1–2, ECF No. 50.) While the misconduct alleged is the docketing in August, that act is not itself a proceeding, and it is not the actual final judgment, order, or proceeding from which he seeks relief. The December 21, 2015 Order date is dispositive. Notably, the Court's Order denying Defendant's previous motion to vacate (ECF No. 44) and the Third Circuit's decision on Defendant's appeal (ECF No. 46) are also irrelevant in analyzing the timeliness of this Motion. *See Lusick*, 439 F. App'x at 99. This Motion was filed nearly two years after the Order from which it seeks relief, and is thus unreasonable and well beyond the one year cap mandated by the Federal Rules.

## II.     Federal Rule of Civil Procedure 60(b)(5)

Defendant also argues, in the alternative to relief under subsection three, that he is entitled to relief because the judgment lien is satisfied. The Federal Rules call for relief where the judgment at issue "has been satisfied, released, or discharged." Fed. R. Civ. P. 60(b)(5). Under Rule 60(b)(5), district courts may find a judgment partially satisfied. *Savitsky v. Mazzella*, 318 F. App'x 131, 133 (3d Cir. 2009) (citing *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517

F.3d 1271, 1274–75 (11th Cir. 2008); *Kassman v. Am. Univ.*, 546 F.2d 1029, 1033 (D.C. Cir. 1976) for the proposition that Rule 60(b)(5) can be treated as a vehicle to seek credit against a judgment).

Defendant claims that money has been continuously contributed to the Plan by his employers, at a rate of $15.00 per hour from 2014 to 2017 and amounting to nearly $150,000, but he has not received any benefit for said contributions. (Def.'s Mot. Vacate at 6, 10–11.) On this basis, he argues that Plaintiff has received a significant windfall—three times the lien in this case—because it has received contributions without incurring any of the expenses of offering medical benefits pursuant to the Plan. Thus, the judgment was already satisfied. In response, Plaintiff acknowledges that "[t]he terms of the NEI Plan provide that the Plan may set- off medical benefits that would otherwise be payable on behalf of McLaughlin and his dependents until the Plan has been fully reimbursed for the benefits advanced to McLaughlin for [his] accident." (Pl.'s Opp'n to Def.'s Mot. Vacate at 5–6, ECF No. 49-1.) Plaintiff clarifies that while it has continued to receive contributions to the Plan from Defendant's employers to date, it is incurring risk and providing the benefits for said contributions (*id.* at 6), leaving no additional money to apply as a set-off. Neither party submitted documentary evidence of contributions made nor benefits rendered to support or refute this argument. Even Defendant notes that discovery is warranted for the Court to find any alleged contributions attributable to the existing obligation as a set-off. (*See* Def.'s Mot. Vacate at 12.) Without such evidence, the Court cannot grant relief and vacate the judgment for satisfaction, in whole or in part.

The Court, however, will not grant leave for discovery on this issue because Defendant's motion is untimely. Although a motion with respect to Rule 60(b)(5) is not subject to the one year cap, the motion itself should still be filed in a reasonably timely manner. *See* Fed. R. Civ.

7

P. 60(c)(1). Where Defendant alleges that the judgment has been satisfied nearly three times over, resulting in a windfall and unjust enrichment, Defendant could have advanced this argument for relief much sooner than now: eleven months after the Third Circuit affirmed the judgment lien and 23 months after the actual entry of the judgment lien. (*See* Def.'s Reply at 4 (noting that any money owed to the Plan was "satisfied long ago").) Therefore, the Court declines to consider relief under Rule 60(b)(5) or permit discovery to reach such a conclusion.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Vacate is denied. An appropriate order will follow.

Date: 12-20-17

ANNE E. THOMPSON, U.S.D.J.